**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GABRIELA CABRERA ROQUE, | No. 08-75094 |
| Petitioner, | Agency No. A075-714-718 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Gabriela Cabrera Roque, a native and citizen of Mexico, petitions for review

from the Board of Immigration Appeals' ("BIA") order denying her motion to

reopen and reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We

review for abuse of discretion the denials of motions to reopen and motions to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Cabrera Roque's motion to reopen to apply for relief under the Convention Against Torture because the motion was untimely and numerically barred, *see* 8 C.F.R. § 1003.2(c)(2), and Cabrera Roque failed establish changed circumstances in Mexico to qualify for the regulatory exception to the time and number limitations on motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004).

The BIA also did not abuse its discretion in denying Cabrera Roque's motion to reopen to apply for asylum and withholding of removal on the ground that she failed to establish prima facie eligibility for relief because the harm she feared was not on account of a protected ground. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (per curiam) (rejecting as a particular social group "returning Mexicans from the United States").

We lack jurisdiction to review the BIA's denial of Cabrera Roque's motion to reconsider to the extent it was based on hardship grounds previously considered by the BIA in its order denying Cabrera Roque's first motion to reopen. *See Fernandez v. Gonzales*, 439 F.3d 592, 600-03 (9th Cir. 2006). To the extent

Cabrera Roque raised new grounds for hardship in the motion to reconsider, the motion failed to identify any error of fact or law in the BIA's order denying the first motion to reopen. *See* 8 C.F.R. § 1003.2(b)(1); *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1180 n.2 (9th Cir. 2001) (en banc).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**